UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 00-263(5) (MJD)
Civil No. 07-2941 (MJD)

| | |
|---|---|
| JOSE GUADALUPE AREVALO,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | OPPOSITION OF THE UNITED STATES TO PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 |

Petitioner Jose Guadalupe Arevalo, who pleaded guilty in 2001 to conspiracy to distribute seven kilograms of cocaine, has filed a petition under 28 U.S.C. § 2255 alleging a Booker violation. United States v. Booker, 534 U.S. 220 (2005). Because the petition is both untimely and lacking in any legal merit, it should be summarily denied. No evidentiary hearing is warranted.

**FACTUAL BACKGROUND**

This case arose out of an FBI wiretap investigation of the Henry Conley cocaine trafficking organization. The investigation revealed that petitioner Jose Guadalupe Arevalo was one of the California cocaine suppliers to this organization. Arevalo PSR ¶ 36; T. Plea at 14-17. Arevalo pleaded guilty on August 13, 2001. He admitted that he sold a total of seven kilograms of cocaine to Henry Conley for redistribution in Minnesota. T. Plea at 14-17.

The probation officer correctly computed the guideline range to be level 29 (base 32 - 3 acceptance of responsibility)/criminal history category II = 97-121 months, with a 10-year mandatory

minimum. On January 17, 2002, this Court sentenced Arevalo to 120 months imprisonment, the mandatory minimum penalty.

Arevalo took a direct appeal, which was decided against him on August 30, 2002. United States v. Arevalo, No. 02-1358 (8th Cir. 2002) (unpublished).

**ARGUMENT**

**I. AREVALO'S PETITION IS UNTIMELY.**

Arevalo's petition is based on United States v. Booker, 534 U.S. 220 (2005). Booker was decided on January 12, 2005. Under 28 U.S.C. § 2255, a defendant has one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," within which to file a section 2255 petiton. Arevalo's petition was not filed until June 18, 2007, which is 2 1/2 years after Booker was decided. Thus, even if Booker created a retroactively applicable new principle of law, which it did not, Arevalo's petition would be untimely.

**II. BOOKER IS NOT RETROACTIVE.**

Booker held that the United States Sentencing Guidelines are advisory. However, the new rule announced in Booker does not apply to criminal convictions that became final before the rule was announced. Never Misses A Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005). Arevalo's conviction became final on or about

September 23, 2002, when the Eighth Circuit issued its mandate affirming Arevalo's sentence. Booker was not decided until more than two years later, and is not retroactive. Accordingly, Arevalo cannot raise a Booker claim in a section 2255 petition.

## III. EVEN IF BOOKER WERE RETROACTIVE, IT WOULD ENTITLE AREVALO TO NO RELIEF.

Booker merely held that the sentencing guidelines are advisory. Booker did not alter the statutory mandatory minimum penalty structure. Arevalo was sentenced to ten years, which is the statutory mandatory minimum penalty. Even if Booker were retroactive, which it is not, it would have no effect on Arevalo's sentence.

## CONCLUSION

Because Arevalo's petition is both untimely and lacking in any legal merit, it should be summarily denied. No evidentiary hearing is warranted.

Dated: August 3, 2007

Respectfully submitted,

RACHEL K. PAULOSE
United States Attorney

*s/Jeffrey S. Paulsen*

BY: JEFFREY S. PAULSEN
Assistant United States Attorney
Attorney ID Number 144332