UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

**UNITED STATES OF AMERICA**,

    Plaintiff-Respondent,

v.

**JOSE GUADALUPE AREVALO**,

    Defendant-Petitioner.

**ORDER**
Crim. No. 00-263(5)
Civil No. 07-2941

---

Jose Guadalupe Arevalo, Pro Se.

Jeffrey S. Paulsen, Assistant United States Attorney for and on behalf of the United States.

_____

On June 18, 2007, Petitioner Jose Guadalupe Arevalo sent a letter to this Court requesting that the Court vacate his sentence and resentence him under the new advisory guidelines regime pursuant to the decision of the United States Supreme Court in United States v. Booker, 543 U.S. 220 (2005).  The Court reviews Petitioner's request as a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.  In addition, Petitioner has also filed a motion to proceed in forma pauperis ("IFP") and a Petition for Appointment of Counsel.

**I.  BACKGROUND**

On August 13, 2001, Petitioner entered a plea of guilty to: (1) conspiracy to

distribute cocaine and cocaine base in violation of 21 U.S.C. § 841(b)(1)(A) and 846; and (2) aiding and abetting distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2.  Including a three level adjustment for acceptance of responsibility, Petitioner's guideline range was 97 to 121 months.  On January 17, 2002, this Court sentenced him to 120 months imprisonment, the mandatory minimum penalty for his crimes.

Petitioner appealed his sentence on constitutional grounds.  His appeal was denied on August 30, 2002.  <u>United States v. Arevalo</u>, No. 02-1358, 2002 WL 1992876 (8th Cir. August 30, 2002).  Petitioner filed the instant motion for relief pursuant to § 2255 on June 18, 2007.

**II.    DISCUSSION**

**A.     Timeliness of Petitioner's Motion**

Section 2255 establishes a one-year limitation period in which to file a motion to vacate, set aside or correct a sentence.  The limitation period runs from the latest of:

1) the date on which the judgment of conviction becomes final;

2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; and

>4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

On August 30, 2002, the Court of Appeals for the Eighth Circuit affirmed Petitioner's conviction. Petitioner's judgment of conviction became final on November 28, 2002, when the time in which he could have petitioned for certiorari expired. See Clay v. U.S., 537 U.S. 522, 532 (2003). Petitioner bases his motion on the Supreme Court of the United State's Booker opinion, which held that the United States Sentencing Guidelines are advisory. Petitioner claims that, at his sentencing, this Court indicated that it would have sentenced Petitioner more favorably if the Guidelines were not mandatory.[1] Petitioner argues that the holding in Booker applies retroactively to his sentence and that the Court has the authority to correct or vacate the sentence.

Booker was decided on January 12, 2005. However, the rule "announced in Booker does not apply to criminal convictions that have become final before the rule was announced . . . ." Never Misses a Shot v. United States, 413 F.3d 781, 783 (2005). Therefore, the § 2255 limitations period expired on November 28, 2003, one year after Petitioner's judgment of conviction became final. Even if Booker could be retroactively applicable here, the one-year statute of limitations governing timeliness of Petitioner's motion began to run on January 12, 2005.

---

[1] The sentencing hearing transcript does not support Petitioner's claim. (Sentencing Hearing Tr., January 17, 2002.)

Because the instant motion was not filed until June 18, 2007, over two years later, Petitioner's motion must be dismissed as untimely.

### B. Equitable Tolling

The Eighth Circuit has established two tests for determining when equitable tolling of the limitations period for filing a motion to vacate is appropriate: (1) whether "extraordinary circumstances" beyond the movant's control kept him from filing a timely motion; and (2) whether the movant relied on government conduct that "lulled" the movant into inaction. U.S. v. Hernandez, 436 F.3d 851, 858 (8th Circuit 2006) (citations omitted). In addition, "equitable tolling should only apply where the petitioner or movant has demonstrated diligence in pursuing the matter." Petitioner relies on the former of the two tests, asserting that deficiencies in the prison law library's collection and his inability to obtain Spanish language translation services prevented him from filing this motion in a timely manner.

In this case, Petitioner has failed to show the extraordinary circumstances necessary to justify equitable tolling. In addition, he has failed to demonstrate that he diligently sought legal materials in Spanish or that he sought the services of an interpreter to assist him in filing a motion under § 2255. Accordingly, the doctrine of equitable tolling is inapplicable to Petitioner's motion.

### C. Petitioner's Request for Appointment of Counsel

"[T]here is no general right to counsel in post-conviction habeas proceedings for criminal defendants." U.S. v. Craycraft, 167 F.3d 451, 455 (8th Cir. 1999). If a district court determines that an evidentiary hearing is necessary to resolve a § 2255 motion, failure to appoint counsel for an indigent defendant is reversible error. U.S. v. Green, 262 F.3d 715, (8th Cir. 2001). Here, however, Petitioner has not presented a timely motion for postconviction relief, and the Court has not schedule a hearing on Petitioner's motion. Therefore, appointment of counsel is not necessary in this case.

### D.     Petitioner's Motion to Proceed in forma pauperis

A district court "may authorize the commencement, prosecution or defense of any suit, action or proceedings, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). Thus, in this case, IFP status would allow Petitioner to proceed with his § 2255 proceeding without prepayment of any required fees.

No fee is required to file § 2255 motions. See Rules Governing § 2255 Proceedings, R. 3, Adv. Comm. 1976 Adoption ("There is no filing fee required of a movant under these rules [governing § 2255 proceedings]."). Petitioner has not indicated any other reason for his IFP request. It appears possible that Petitioner

intended, by filing an IFP, to provide support for his request for appointment of counsel. Because the Court denies appointment of counsel for Petitioner, Petitioner's request to proceed IFP is moot.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

1. That Petitioner's motion to vacate, set aside or correct sentence [Docket No. 397] is **DENIED**.

2. That Petitioner's Petition for Appointment of Counsel [Docket No. 403] is **DENIED**.

3. Petitioner's Application for Leave to Proceed *in forma pauperis* [Docket No. 404] is **DISMISSED AS MOOT**.

Date: September 19, 2007

s / Michael J. Davis
MICHAEL J. DAVIS, Judge
United States District Court
