UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 00-263(5) (MJD)

| | |
|---|---|
| JOSE GUADALUPE AREVALO, Petitioner, v. UNITED STATES OF AMERICA, Respondent. | OPPOSITION OF THE UNITED STATES TO PETITIONER AREVALO'S MOTION FOR A SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(2) |

Petitioner Jose Guadalupe Arevalo has filed a pro se motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive crack cocaine guideline amendment. Because Arevalo's offense involved only powder cocaine, not crack cocaine, he is not eligible for any reduction.[1]

This case rose out of federal wiretap investigation conducted on Henry Conley and others, who were trafficking large amounts of cocaine in the Minneapolis/St. Paul area. Arevalo PSR (attached to his pro se petition) at ¶¶ 16-21. The investigation revealed that Arevalo was one of Conley's California sources of supply for cocaine. PSR ¶¶ 30, 34, 36.

Arevalo pleaded guilty to count 1 of the superseding indictment charging him with conspiracy to distribute in excess of 5 kilograms of cocaine. The factual basis for the plea agreement

---

[1]By Order dated February 25, 2008, this Court appointed the Federal Defender's Office to represent Arevalo. To date, that office has not filed a § 3582(c)(2) petition on Arevalo's behalf. On March 19, 2008, the Court requested that the government respond to Arevalo's pro se petition. This response will be served on both Mr. Arevalo and his court-appointed counsel.

involved Arevalo admitting that he had distributed a total of 7 kilograms of powder cocaine to Henry Conley as part of the conspiracy. Plea Agreement ¶ 1.

The Presentence Report held Arevalo accountable for 7 kilograms of cocaine. PSR ¶ 34. Arevalo was not held accountable for any crack cocaine.

The base offense level for 7 kilograms of powder cocaine was level 32. With a 3-level reduction for acceptance of responsibility, Arevalo's guideline range was level 29/category II = 97-121 months, with a 10-year mandatory minimum penalty. On January 17, 2001, this Court sentenced Arevalo to the mandatory minimum of 120 months.

Because Arevalo was held accountable only for powder cocaine, the retroactive guideline amendments pertaining to crack cocaine have no effect on his case. Since his guideline range has not been reduced by the retroactive amendments, he is not entitled to any relief under 18 U.S.C. § 3582(c)(2).

Dated: March 20, 2008

Respectfully submitted,

FRANK J. MAGILL, JR.
Acting United States Attorney

*s/Jeffrey S. Paulsen*

BY: JEFFREY S. PAULSEN
Assistant United States Attorney
Attorney ID Number 144332